IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-21 (Erie) |
| | ) | |
| MARK BRETZ | ) | |

**SENTENCING MEMORANDUM**

On May 13, 2019, Mr. Bretz pleaded guilty to receipt of child pornography and three counts of unrelated interstate communications with intent to extort. His guilty plea follows his prompt and extraordinarily candid admission to law enforcement agents when they searched of his home. His advisory Guideline range is 121 to 151 months imprisonment. Mr. Bretz has been incarcerated in Erie County Prison since his arrest on June 20, 2018, and therefore will have been incarcerated for approximately **15.5 months** as of the date of his sentencing hearing.

A sentence of **90 months** incarceration followed by an extended period of supervised release is appropriate in his case for the following three reasons:

• Mr. Bretz's criminal history score drastically over-represents the seriousness of his criminal history. The Probation Office assigns a total of 7 criminal history points resulting from three petty and non-violent offenses from ages 18 to 23. Based on the circumstances of those minor offenses and the overly-punitive manner in which the Guidelines treat his punishments

therefrom, the Court should vary downward four criminal history points and should instead treat him as being in Criminal History Category II.

Five of the 7 criminal history points assigned by Probation result from two minor retail theft offenses. The first of those offenses occurred when Mr. Bretz was 18 years old; he shoplifted an mp3 player worth less than $50 from Sears. The court gave him an ARD sentence, but he ultimately received a 7-month jail term because of repeated marijuana use and his conviction for the second retail theft case, thus converting it to a two-point conviction. The second retail theft case occurred when Mr. Bretz was 20 years old; he shoplifted an accessory for a video-game console. He received an uncommon sentence of 1 to 20 months incarceration, and although he only served 1 month in jail, the Guidelines treat it as a 3-point conviction. *See* U.S.S.G. § 4A1.2(b)(1). The Court should assign 1-point for each of these minor shoplifting offenses.

Mr. Bretz's only other conviction was for disorderly conduct, which occurred when he was 23 years old. The circumstances of that case suggest Mr. Bretz was non-compliant with police officers when they responded to a lovers' quarrel wherein he apparently locked his girlfriend out of his home – no domestic violence was otherwise alleged. The Guidelines instruct courts to not apply any criminal history points for disorderly conduct (or failure to obey police officer) offenses except when the defendant receives a sentence greater than one year of probation. U.S.S.G. § 4A1.2(c)(1). Mr. Bretz received a sentence of 2 to 4 months in jail, ultimately serving 3 months, which the

Guidelines treat as a 2-point conviction. The Court should assign 1 point for this last conviction.

In light of the non-serious nature of his prior deviant conduct and the unique circumstances of the punishments in those cases, the Court should vary downward and sentence him as if he were in Criminal History Category II. Mr. Bretz's revised advisory Guideline range would therefore be 97 to 121 months.

- The Guidelines in child pornography cases are overly punitive and are not the product of empirical data and national experience. As the Court is well aware, judges across the country and within this District routinely vary below the Guidelines prescribed by U.S.S.G. § 2G2.2 because the Sentencing Commission was repeatedly directed by Congress to adopt more punitive enhancements for offense characteristics that are nearly ubiquitous in all child pornography cases. Enhancements for use of a computer (§ 2G2.2(b)(6)) and number of images (§ 2G2.2(b)(7)) are applicable in nearly every child pornography case because the offense has effectively become an internet crime where thousands of illicit images can be (and are often) downloaded in one click. Accordingly, the Court should vary downward at least two offense levels.

- Mr. Bretz suffers from a multitude of mental health disorders as well as substance dependence and is likely to benefit greatly from the intensive supervision and treatment requirements of federal supervised release. Accordingly, the Court can be reasonably assured that an extended period of supervision will reduce his likelihood of re-offending. A Guideline sentence that

seeks to incapacitate or specifically deter Mr. Bretz from future offenses is therefore less necessary in this case.

The PSR makes clear that Mr. Bretz is a troubled young man. In 2011, Mr. Bretz was evaluated at Stairways Behavioral Health in Erie, Pennsylvania where he was diagnosed with bipolar disorder, cannabis and alcohol dependence, and a family history of depression. He reported multiple instances of suicide attempts and has been prescribed a myriad of powerful psychotropic medications including Depakote, Seroquel, Wellbutrin, Zoloft, Risperdal, Ritalin, and Adderall. The Bureau of Prisons will undoubtedly designate Mr. Bretz to a facility where he will get the sex offender and mental health treatment he needs. Following his release from prison, the Probation Office will have the resources available to ensure he continues to get the appropriate dual-diagnosis therapy and medicinal treatment.

Despite Mr. Bretz's personal and psychiatric troubles, and notwithstanding the nature of his offenses in this case, the people who know Mr. Bretz best speak about his capacity for deeply caring and empathetic behavior. His sister Karla, who herself works in the mental health field with local social work and law enforcement agencies, writes about Mr. Bretz's thoughtful efforts to support her and their parents when they battled serious medical issues. His acts of love and support have extended to animals as well, both within the family and strays in the neighborhood. Mr. Bretz is deeply remorseful for his callous actions and the letters submitted with this

memorandum describe someone who is capable of the empathy needed to truly grasp the unacceptability of his previous behavior.

With the aid of the Probation Office and his close-knit familial support system here in Erie, Mr. Bretz has the foundation to make meaningful changes in his life. The Court should take note of the positive attributes Mr. Bretz has exhibited at other times and extrapolate how those will contribute to his success after prison. Accordingly, the Court need not fear future harmful behavior by Mr. Bretz and feel compelled to sentence him to a term of imprisonment that merely seeks to incapacitate him from future criminal acts.

Accordingly, a sentence of 90-months of incarceration followed by an extended term of supervised release will be sufficient, but not greater than necessary to satisfy the purposes of sentencing in this case.

> Respectfully submitted,
>
> ***s/ Andrew Lipson***
> Andrew Lipson
> Assistant Federal Public Defender
> Western District of Pennsylvania
> 1001 Liberty Avenue
> 1500 Liberty Center
> Pittsburgh, PA 15222
> Main: 412-644-6565
> Fax: 412-644-4594